IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:11-cr-91-ECM |
| | ) | (WO) |
| DARRYL ANTONIO BOYKINS | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's motion for early termination of supervised release (doc. 71) filed on August 14, 2019. On October 13, 2017, Defendant Darryl Antonio Boykins was placed on supervised release for a period of three years. He now seeks to terminate his supervision. The United States opposes early termination.

"Section 3583(e)(1) requires courts to consider several § 3553(a) sentencing factors when terminating a term of supervised release." *United States v. Johnson*, 877 F.3d 993, 994 (11th Cir. 2017).

> Federal law authorizes a court to terminate a term of supervised release if the court determines that early termination is warranted by the defendant's conduct and is in the interest of justice, after considering several of the statutory sentencing factors set forth in § 3553(a). *See* 18 U.S.C. § 3583(e)(1). These factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection, and for correctional treatment for the defendant; the advisory guidelines range; the U.S. Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(7), and (a)(7).

*United States v. Easton*, 755 F. App'x 916, 918 (11th Cir. 2018)

The government opposes early termination of supervised release because of the Defendant's criminal history. The Court has considered the Defendant's criminal history

and characteristics and gives great weight to his compliance with the rules and regulations of supervised release. He has been supervised for almost two years of a three-year term of supervision and has had no issues of non-compliance.[1] The Defendant's guideline range for a term of supervision was one to three years, and the Defendant has served two-thirds of the imposed term. The Defendant's supervising probation officer does not oppose early termination of supervised release. Consequently, upon consideration of the § 3553(a) factors, the Court concludes that the Defendant's characteristics and history, coupled with his success on supervised release, demonstrate that he is no longer in need of supervision. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion for early termination of supervised release (doc. 71) is GRANTED, the supervised releasee is DISCHARGED from supervision, and the proceedings in this case are TERMINATED.

Done this the 3rd day of October, 2019.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Defendant is eligible for early termination of his supervised release because he has served more than one year as required by 18 U.S.C. § 3583(e)(1).